890 F.2d 416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward J. BRENNAN, Jr., Plaintiff-Appellant,
v.
Edward J. BRENNAN, III; Terrence P. Brennan; Ann Marie
Brennan; Helen Hildebrand; Thomas Coltman; John D.
Cannell; Thomas F. O'Malley; Del G. Potter; Terri Evans
Meyer; Cuyahoga County Ohio; Gerald E. Fuerst; John R.
Corrigan; James W. Westfall, Defendants-Appellees.
 No. 89-3393.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1989.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Edward J. Brennan, Jr. moves for miscellaneous relief and appeals from the district court's judgment dismissing his action with prejudice and ordering Brennan to pay the defendants the amount of reasonable expenses incurred (including attorney fees) which each sustained in defending this action.
 
 
 3
 Brennan's suit, while filed under various civil rights statutes, is construed as having been filed under 42 U.S.C. Sec. 1983. Brennan seeks damages and injunctive relief. He filed suit against everyone even remotely involved in his 1982 divorce action, including his children, his ex-wife, attorneys, and certain court personnel. Apparently, Brennan is on a crusade for the presumed wrongs committed against him from 1965 through the time of his divorce and property settlement, up until the present. In essence, he claims that he was unjustly treated during the proceedings, and that everyone is conspiring to deprive him of his property in violation of his constitutional rights.
 
 
 4
 Upon review of the documents supporting Brennan's claims and the defendants' various motions to dismiss, the district court dismissed the action with prejudice, ordering Brennan to pay the defendants' costs incurred in defending a frivolous suit.
 
 
 5
 On appeal, Brennan reasserts his claims for relief, further alleging bias on the part of the district court judge. He does not challenge the imposition of costs.
 
 
 6
 Upon consideration, we affirm the district court's judgment because Brennan's action is barred under the doctrine of res judicata. Brennan has already received a final judgment on the merits, and this court has affirmed that judgment on appeal. This judgment bars any and all claims by Brennan based on the same cause of action. See White v. Colgan Elec. Co., 781 F.2d 1214, 1216 (6th Cir.1986). The instant lawsuit arises from the same facts as the previous suits. Because Brennan is now using the same operative facts to bring similar claims for violation of his rights, claim preclusion prevents him from bringing the instant action.
 
 
 7
 For these reasons, the motion for miscellaneous relief is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.